UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIE SCHMIDT,

    Petitioner,

  v.           Case No. 20-C-1538

WALTER ZUEHLKE,

    Respondent.

## SCREENING ORDER

On October 5, 2020, Petitioner Julie Schmidt, who is currently incarcerated at the Waushara County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

Petitioner entered a no contest plea and was sentenced in Waushara County Circuit Court of two counts of possession of THC, one count of resisting an officer, five counts of manufacturing/delivering THC, one count of possession with intent to deliver amphetamines, and two counts of bail jumping. She was sentenced to 90 days in jail and varying amounts of probation.

Petitioner asserts she was awarded 54 days of sentence credit, but the trial court ordered that the sentence credit would not apply to her 90-day jail sentence. She claims that the trial court's failure to credit her with 54 days violated the due process clause, the equal protection clause, and double jeopardy as well as state-created liberty interests. Although Petitioner asserts that she filed a motion to enforce the judgment in Waushara County Circuit Court and petitions for writ of habeas corpus in the Wisconsin Court of Appeals and the Wisconsin Supreme Court, she did not appeal her final judgment of conviction.

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, [her] petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner has not exhausted her state court remedies for the ground for relief she asserts in her petition. The court will therefore dismiss her petition without prejudice so that she may do so.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 4 of the Rules Governing § 2254 Cases, Petitioner's petition for writ of habeas corpus is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's emergency motion for immediate release (Dkt. No. 3) is **DENIED**.

Dated at Green Bay, Wisconsin this 21st day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge